NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| BAYONNE DRYDOCK & REPAIR CORP., | Civil Action No.: 12-819 (CCC) |
| Plaintiff, | |
| v. | **OPINION** |
| WARTSILA NORTH AMERICA, INC. and PATRIOT CONTRACT SERVICES, LLC, | |
| Defendants. | |

**CECCHI, District Judge.**

This matter comes before the Court on motions by (1) Defendant Wartsila North America, Inc. ("WNA") to compel arbitration and dismiss the complaint; and (2) Defendant Patriot Contract Services, LLC ("Patriot") (collectively with WNA, "Defendants") to compel arbitration and stay the action pending arbitration. On October 23, 2012, Magistrate Judge Joseph A. Dickson issued a Report and Recommendation that the Defendants' motions to compel arbitration be granted and that the complaint, therefore, be dismissed without prejudice. (Report & Recommendation, ECF No. 31.) On November 20, 2012, Plaintiff Bayonne Drydock ("BDD") filed an objection to Magistrate Judge Dickson's Report and Recommendation. Patriot and WNA responded to BDD's objection on November 30, 2012 and December 3, 2012, respectively. The Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court adopts Magistrate

Judge Dickson's October 23, 2012 Report and Recommendation, and grants Defendants' motions to compel arbitration and to dismiss the complaint without prejudice.

**I. Factual and Procedural History**

This action stems from contracts executed between BDD and each of the Defendants. (WNA's Response to BDD's Motion ("WNA Br.") 2.) BDD operates a dry dock and ship repair facility in Bayonne, New Jersey. Patriot contracted with BDD to dry dock the USNS YANO (the "ship"), a U.S.-owned ocean-going cargo ship that it manages and operates. (WNA Br. 3.) Pursuant to the contract between BDD and Patriot, BDD would provide certain services and repairs including the disassembly, inspection, servicing, repair, and re-assembly of the propeller shaft watertight seals ("stern tube seals") on the ship. (Id.) On March 16, 2011, BDD signed a contract with WNA to perform stern tube seal work on the ship. (Complaint. ¶ 14.) WNA completed the stern tube seal work in April 2011, but in June, when the ship departed from the dry dock, Patriot notified BDD that the stern tube seals were leaking. (Compl. ¶¶ 18,20.) WNA repaired the leaking stern tube seals between June 30, 2011 and July 1, 2011, while the ship was docked in Corpus Christi, Texas. (WNA Br. 3.)

On July 5, 2011, Patriot advised BDD that pursuant to the contract, it may have a warranty claim for the leaking stern tube seals. (BDD Mem. in Support of Mot. Objecting to Rep. & Rec. ("BDD Br.") 7.) BDD responded to Patriot, contesting the potential warranty claim. (Id.) On September 14, 2011, Patriot informed BDD that it would be withholding $406,338.42 to offset the alleged damages resulting from the stern tube seal problems and it stated that a claim for the final amount would be forthcoming. (Id. at 9.) On December 16, 2011, Patriot provided BDD with a final accounting of the alleged damages, which totaled $1,176,811.08. (Id. at 10.) BDD commenced this action on February 10, 2012. (See Compl.,

Docket No. 1.) Defendants have moved to compel arbitration, asserting that the contracts at issue contain arbitration clauses, which require Plaintiff to arbitrate the instant claims.

**II. Legal Standard**

When a magistrate judge addresses motions that are considered "dispositive," such as to grant or deny a motion to dismiss, a magistrate judge submits a Report and Recommendation to the district court. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72; L. Civ. R. 72.1(a)(2). The district court may then "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C); *see also* L. Civ. R. 72.1(c)(2). Unlike an Opinion and Order issued by a magistrate judge, a Report and Recommendation does not have force of law unless and until the district court enters an order accepting or rejecting it. United Steelworkers of Am. v. N.J. Zinc Co., Inc., 828 F.2d 1001, 1005 (3d Cir. 1987). With respect to dispositive motions, the district court must make a *de novo* determination of those portions of the Magistrate Judge's Report and Recommendation to which a litigant has filed objections. 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b); L. Civ. R. 72.1(c)(2); see State Farm Indem. v. Fornaro, 227 F. Supp. 2d 229, 231 (D.N.J. 2002).

**III. Discussion**

By way of Report and Recommendation dated October 23, 2012, Magistrate Judge Dickson recommended that this Court grant both WNA's and Patriot's motions to compel arbitration and dismiss the complaint without prejudice against both Defendants. BDD submitted an objection to Magistrate Judge Dickson's Report and Recommendation. Both WNA and Patriot have submitted responses to BDD's objection. The Court hereby adopts Magistrate Judge Dickson's Report and Recommendation.

### A. Patriot's Motion to Compel Arbitration

Magistrate Judge Dickson recommended that the Court compel the arbitration of BDD's claims against Patriot and dismiss the complaint without prejudice. BDD argues that Patriot waived its right to arbitrate by failing to serve a demand for arbitration within the time period provided in the arbitration clause contained in BDD's contract with Patriot. (BDD Br. 13.) Patriot contends that timeliness is an issue to be decided by an arbitrator. (Patriot's Response to BDD's Objection ("Patriot Br." 2.)

#### 1. Timeliness is an Issue for the Court to Decide.

The parties dispute whether the issue is one of waiver, which is an issue for the Court to decide, or whether it is one of timeliness, a procedural issue for the arbitrators to decide. Pursuant to the Disputes Provision contained in the contract between BDD and Patriot, either party may call for arbitration within 120 days "after the claim, dispute, or controversy has arisen." (Gill Decl., Ex. A at 27.) BDD contends that Patriot waived its right to arbitrate by failing to serve its demand for arbitration in a timely manner. (BDD Br. 13.) Patriot argues, in contrast, that timeliness is a "procedural issue," and under California law, which governs this dispute, it is a matter for the arbitrators to decide. (Patriot Br. 2-4.)

Magistrate Judge Dickson found that the issue before the Court is one of waiver, and determined that under California law, it is a question for the Court to decide. (Rep. & Rec. 4-5.) The Court agrees with Magistrate Judge Dickson's conclusion and finds that this is an issue of waiver and must preliminarily be decided by the Court. The Court finds Platt Pac., Inc. v. Andelson, 6 Cal. 4th 307 (1993) persuasive. In Platt, the Supreme Court of California affirmed the lower court's finding that the plaintiff had waived the right to compel arbitration by failing to make a timely demand under the terms set forth in the contract. Platt, 6 Cal. 4th at 321. The

court stated that "[w]hen, as here, the parties have agreed that a demand for arbitration must be made within a certain time, that demand is a condition precedent that must be performed before the contractual duty to submit the dispute to arbitration arises." Id. at 313-14; see also Wagner Construction Co. v. Pacific Mechanical Corp., 41 Cal. 4th 19, 27 (Cal. 2007) (citing Platt, 6 Cal. 4th at 321); Jordan v. Friedman, 72 Cal.App.2d 726, 727–28 (1946) (differentiating between issues of waiver and statute of limitations issues and stating that "[a] party may also waive the right to compel by failing to comply with a time limit for demanding arbitration specified in the contract"); Boys Club of San Fernando Valley, Inc. v. Fidelity & Deposit Co., 6 Cal. App. 4th 1266, 1275 (Cal. App. 2d Dist. 1992) ("Arbitration may be waived and delay in demanding that relief may amount to waiver.").

Here, pursuant to the Disputes provision in the contract between BDD and Patriot, the parties agreed that the demand to arbitrate must be made within a certain period of time. (Gill Decl., Ex. A at 27.) Thus, similar to that in Platt, the issue here is one of waiver. As such, the Court agrees with Magistrate Judge Dickson's determination that whether a party has waived its right to arbitration is appropriate for this Court's determination.

2. Patriot's Demand for Arbitration was Timely.

Magistrate Judge Dickson found that Patriot's Demand for Arbitration was timely, determining that the pertinent claim arose when BDD filed this action, on February 10, 2012. (Id. at 6.) Thus, Magistrate Judge Dickson concluded that Patriot's demand for arbitration on April 11, 2012 occurred less than 120 days after BDD instituted this action. (Id. at 6.)

BDD objects to Magistrate Judge Dicksons' Report and Recommendation, arguing that the pertinent claims arose more than 120 days prior to Patriot's demand for arbitration. In particular, BDD contends that Patriot demanded arbitration 294 days after Patriot's claims arose

on June 23, 2011, the date on which Patriot reported the problems with the stern tube seals, and 211 days after Patriot submitted a letter to BDD on September 14, 2011, stating that BDD was responsible for the repair costs on the ship and that Patriot planned to withhold $406,338.42 from its payment to BDD. (BDD Br. at 13-14.)

In response, Patriot argues that Magistrate Judge Dickson's conclusion was appropriate, contending that even if the Court finds that the claim at issue arose prior to the institution of this action, Patriot's arbitration demand was still timely. (Patriot Br. 7-12.) The court agrees. Patriot argues that in contrast to BDD's contention that Patriot's claim first arose on September 14, 2011, it did not actually make a claim until December 16, 2011. (Patriot Br. 8-9.) Patriot argues that in the September 14, 2011 letter it in fact stated that "when our analysis of the costs attributable to [BDD] is complete we will claim that from you." (Staton Decl., Ex. I.) Thus, Patriot asserts that if it had made a claim at that time, it would not have stated that a claim would be forthcoming. (Patriot Br. 8.) Moreover, in a letter dated December 16, 2011, Patriot states that it "presents our demand for prompt payment." (Staton Decl., Ex. K.) Patriot argues that this was Patriot's first claim against Bayonne. Because its demand for arbitration occurred on April 11, 2012, approximately 118 days after the December 16, 2011 letter, its demand for arbitration was timely.

Patriot further argues that:

> It makes no commercial sense to force parties to commence arbitration or litigation upon mere discovery of mechanical/technical issues, while those issues are still being investigated, the cost of remediation is being determined and the parties to the contract are still discussing how the problems will be remedied and by whom. Only after those discussions, if neither party concedes responsibility, will the discussion evolve into the presentation of a claim, followed by a response to that claim.

(Patriot Br. 11.)

6

The Court finds Patriot's arguments persuasive. It does not appear that a controversy, claim, or dispute arose prior to or at the time of Patriot's September 14, 2011 letter to BDD. At that time, Patriot informed BDD that the improper repairs likely resulted in the stern tube seal damage. Patriot stated that when its cost analysis was complete, it would make a total claim to BDD. (See Staton Decl., Ex. I.) In contrast, Patriot's letter from December 16, 2011, states clearly that it is a demand for the total amount of $1,176,811.08. (See Staton Decl., Ex. K.) Therefore, even if the claim, dispute or controversy arose on December 16, 2011, Patriot's demand for arbitration on April 11, 2012 was timely.

**B. WNA's Motion to Compel Arbitration**

Magistrate Judge Dickson recommended that this Court compel the arbitration of BDD's claims against WNA, pursuant to the terms the parties' arbitration agreement, and dismiss the complaint against WNA. (R&R at 3.) BDD contended that an exception should be made for certain claims that it has not yet asserted, which would not fall under the terms of the arbitration agreement. Thus, BDD requested that the Court stay this action rather than dismiss it in order to permit the action to remain active for these future claims. Magistrate Judge Dickson found that all of the claims presently asserted against WNA must be arbitrated and that because there are no remaining active claims, the Court should dismiss BDD's claims against WNA.

In BDD's Objection to Magistrate Judge Dickson's Report & Recommendation, it notes that on April 14, 2012, Patriot electronically filed an answer and a cross-claim against BDD and WNA. (BDD Br. 15.) WNA claims that despite this, there is no live cross-claim against WNA. (WNA Br. 4.) WNA contends that it had not yet entered an appearance in this lawsuit when Patriot filed its answer and cross-claim. (WNA Br. 4.) As a result, WNA did not receive

7

electronic notice of Patriot's filing from ECF. (Id.) Thus, WNA argues that service of Patriot's cross-claims against it was not effective.

The Court agrees that service of Patriot's cross-claims against WNA was not effective. Prior to a party appearing in a lawsuit, a cross-claim should be served along with a summons pursuant to Rule 4 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 5(a)(2); see also Fluor Eng'rs and Constructors, Inc. v. So. Pac. Transp. Co., 753 F.2d 444, 449 n.7 (5th Cir. 1985); Luyster v. Textron, Inc., 266 F.R.D. 54, 65 (S.D.N.Y. 2010) (noting the difference in requirements for service when a party has yet to appear in the action). In this case, Patriot did not serve the cross-claim upon WNA in accordance with Rule 4. There is no certificate of service attached to the Answer and cross-claim (see Docket No.12) and according to ECF, only counsel for BDD and Patriot were electronically served the document (see WNA Br., Ex. A). Patriot has not filed any other proof of service for its Answer and Cross-claim. Therefore, the Court finds that service of the Answer and cross-claim upon WNA was ineffective.

Furthermore, it appears that Patriot has not pursued its cross-claim against WNA in any manner. WNA's response to Patriot's cross-claim was to be served within twenty-one days of service of the pleading, but WNA has not responded. Patriot has not made any claims that WNA's response was untimely. Moreover, in Patriot's response to BDD's objection, Patriot stated that its cross-claim against WNA was a "prophylactic protection . . . in the unlikely event that the Court did not compel Bayonne to arbitrate." (Patriot Br. 7.) Accordingly, the Court finds that Patriot does not have any live cross-claims against WNA.

WNA argues that even if service is properly effectuated and Patriot had a live cross-claim against WNA, those claims would be subject to arbitration. (WNA Br. 6.) WNA contends that even though Patriot is not a party to the contract between WNA and BDD, Patriot would still be

8

required to arbitrate its cross-claim against WNA. WNA claims that Patriot knowingly accepted the benefits of the agreement between WNA and BDD, and therefore, it should be estopped from avoiding arbitration. (WNA Br. 6-7);

"It is well settled in both commercial and labor cases that whether parties have agreed to submit a particular dispute to arbitration is typically an issue for judicial determination." Granite Rock Co. v. Int'l Brotherhood of Teamsters, No. 08-1214, 2010 U.S. LEXIS 5255, *18 (U.S. June 24, 2010). Where a party has not agreed to arbitrate, a court will not generally compel it do so. E.I. DuPont de Nemours and Co. v. Rhone Poulenc Fiber & Resin Intermediates, S.A.S, 269 F.3d 187, 194 (3d Cir. 2001) ("Similarly, there is no dispute that a non-signatory cannot be bound to arbitrate unless it is bound 'under traditional principles of contract and agency law' to be akin to a signatory of the underlying agreement." (quoting Bel-Ray Co., Inc. v. Chemrite (Pty) Ltd., 181 F.3d 435, 444 (3d Cir. 1999))).

An exception to the rule against binding non-signatories to agreements to arbitrate is equitable estoppel. See Century Indem. Co. v. Certain Underwriters at Lloyd's, London, 584 F.3d 513, 534 n.18 (3d Cir. 2009) (Thomas, J.) A non-signatory to a contract will be estopped from denying arbitration of disputes pursuant to the contract, if "the non-signatory knowingly exploits the agreement containing the arbitration clause despite having never signed the agreement." DuPont, 269 F.3d at 199; see also Thomson-CSF, S.A. v. Am. Arbitration Ass'n, 64 F.3d 773, 779 (2d Cir. 1995) (estopping non-signatory from denying arbitration where it directly benefitted from the agreement); Int'l Paper Co. v. Schwabedissen Maschinen & Anlagen GMBH, 206 F.3d 411, 418 (4th Cir. 2000) (binding non-signatory to an arbitration provision where the non-signatory "consistently maintained that other provisions of the same contract should be enforced to benefit him").

Here, BDD contracted with WNA to perform the stern tube seal work on USNS YANO, which was required pursuant to the contract between BDD and Patriot. Without the contract between BDD and WNA, Patriot would have contracted with WNA or another provider to perform the stern tube seal work. Therefore, Patriot directly benefited from the contract between WNA and BDD. As such, even if Patriot's cross-claim was properly served upon WNA, it would have been subject to arbitration. Accordingly, the Court adopts Magistrate Judge Dickson's recommendation that all claims asserted against WNA be sent to arbitration.

**IV. Conclusion**

Having thoroughly reviewed Magistrate Judge Dickson's Report and Recommendation and the parties' submissions, this Court hereby adopts Magistrate Judge Dickson's Report and Recommendation dated October 23, 2012 and thus grants Defendants' motions to compel arbitration and dismisses the complaint without prejudice.

Dated: June 28, 2013

HON. CLAIRE C. CECCHI
United States District Judge